**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3204-19

IN THE MATTER OF THE
ESTATE OF CECIL
FARAG, DECEASED

_____

ROBERT FARAG,

     Plaintiff-Appellant,

and

CAROLYN FARAG,

     Plaintiff,

v.

BASEM FARAG,

     Defendant-Respondent.

_____

Submitted May 17, 2021 – Decided June 7, 2021

Before Judges Sabatino and DeAlmeida.

On appeal from the Superior Court of New Jersey, Middlesex County, Chancery Division, Docket Nos. 239681 and C-000127-14.

Raymond A. Grimes, PC, attorney for appellant (Raymond A. Grimes, of counsel and on the brief).

O'Brien Thornton, LLC, attorneys for respondent (Merrill M. O'Brien, on the brief).

PER CURIAM

This appeal arises out of probate litigation that spanned a total of about six years. The case was presided over by two successive Chancery judges, both of whom are now retired.[1]

For the reasons that follow, we dismiss in part and affirm in part.

I.

The facts may be summarized as follows. The parties are three adult siblings: Basem Farag, Robert Farag, and Carolyn Samuel (née Farag).[2] Their mother was predeceased by their father.

After the father died, the mother made an inter vivos transfer of $228,000 to Basem in June 2011, with instructions to hold those funds in trust and disperse them evenly to the three children after the mother died. However, Basem used

---

[1] For ease of reference, we denote the judge who initially handled the case as "the first judge" and the successor as "the second judge."

[2] For clarity and ease of reference, the siblings will be referred to by their first names. We intend no disrespect in doing so.

a large portion of that money (about $135,000 or more) to pay his own mortgage and other personal expenses.

In April 2012, the mother also conveyed, through an inter vivos deed, equal shares of her house in East Brunswick to the three children. Basem proposed to replenish the amount he spent by selling the East Brunswick residence, applying his share to the debt, and transferring additional funds from abroad.

The mother died intestate in November 2012. The parties' dispute largely centers upon the East Brunswick residence, which is outside of the estate.

Robert and Basem made competing applications to be appointed Administrator of the estate. The first judge instead appointed Michael Keefe, a New Brunswick lawyer, as Administrator.

Robert moved into the house in May 2014 and lived there for about twenty-two months until it was sold in 2016. While he was living there, Robert paid the majority of the taxes and spent approximately $69,000 in improvements.

Robert and his sister Carolyn brought a partition action against Basem in July 2014 to compel the sale of the house and the division of the proceeds. This action was later consolidated with the probate action.

A-3204-19

Robert negotiated a right to purchase the house, but he did not come up with the funds to do so. The house, which was originally estimated to be worth $250,000 before the improvements, was put on the market and ultimately sold for $369,900 in April 2016. A court action by the Administrator Keefe needed to be brought to eject Robert from the premises, and Robert failed in an emergent application before this court to stay the ejectment.

Robert requested to be paid $69,000 for the home improvements, but the Administrator recommended a lower sum of $42,000. The Administrator also recommended that Robert be charged an occupancy fee of $50,490 for the twenty-two months he resided in the house (equating to monthly rent of $2,295), although Robert advocated for a lower charge.

The Administrator charged for his services a 5% statutory commission of $5,361, plus a $99,575 attorney fee calibrated at $350 per hour (with 284 total hours billed). Basem's attorney requested an award of fees totaling $87,086.75, with an hourly billing rate of $400. Robert's and Carolyn's attorneys each incurred fees totaling approximately $20,000, with hourly billing rates of $300 and $250, respectively.

Both Chancery judges adopted the Administrator's recommendations and approved his fee without reduction. Each party was initially ordered to bear his

A-3204-19

or her own legal fees, although the second judge ultimately approved $26,115 in fees Basem's attorney incurred in the partition action.

The final order in the estate was not issued until March 2020 when a lien was removed.

Thereafter, Robert filed this appeal, contesting many of the various decisions issued during the litigation. His Notice of Appeal only mentions the final order of March 31, 2020, although his brief identifies seven orders dated July 21, 2015, December 18, 2015, February 24, 2016, March 3, 2016, March 29, 2017, May 19, 2017, and December 10, 2019. He did not address the March 31, 2020 order in his brief. The appeal is opposed solely by Basem; Carolyn and the Administrator did not participate.

## II.

In evaluating this appeal, we are guided by the time-honored substantial deference afforded to Chancery judges. "In fashioning relief, [a] Chancery judge has broad discretionary power to adapt equitable remedies to the particular circumstances of a given case." Marioni v. Roxy Garments Delivery Co., Inc., 417 N.J. Super. 269, 275 (App. Div. 2010) (citing Salorio v. Glaser, 93 N.J. 447, 469 (1983); Mitchell v. Oksienik, 380 N.J. Super. 119, 130-31 (App. Div. 2005)). In such equitable contexts, we will not set aside the judge's

determination unless it is shown to be arbitrary or capricious or an abuse of discretion.  See In re Queiro, 374 N.J. Super. 299, 307 (App. Div. 2005) (affording "great deference" to a Chancery judge's findings) (citations omitted); Lohmann v. Lohmann, 50 N.J. Super. 37, 44-45 (App. Div. 1958) (finding that a trial court's factual determinations should not be lightly disturbed on appeal).

We first address Robert's attempt to challenge the Administrator's fees as excessive.  We are constrained to dismiss that portion of the appeal because of Robert's unexplained failure to order a transcript of the June 4, 2019 proceeding at which the second judge heard arguments about the fees and considered Robert's objections.  In his December 10, 2019 order, the second judge stated he was granting the Administrator's fee in its entirety based on his review of "all relevant papers submitted," including the Administrator Keefe's Affidavit of Services; consideration of "argument made in connection therewith"; and "for the reasons set forth in the [c]ourt record dated June 4, 2019."

Point II of Basem's respondent brief argues that we must dismiss the fee appeal for lack of a transcript, and Robert filed no reply brief, nor did he obtain the omitted transcript.  Without such a transcript and briefs discussing its contents, we cannot perform our review function meaningfully.  It is too late to do so now.  Consequently, we dismiss this aspect of the appeal.  See Rule 2:5-

3(a) (requiring that "if a verbatim record was made of the proceedings before the court . . . from which the appeal is taken, the appellant shall, no later than the time of the filing and service of the notice of appeal, serve a request for preparation of an original and copy of the transcript"); see also Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004) (declining to address the appellant's LAD claim based on a failure to submit either a final order dismissing her LAD claim or a transcript of the trial proceedings); In re Guardianship of Dotson, 72 N.J. 112, 116-17 (1976) (noting that "ordinarily the transcript is an integral part of the record on appeal" pursuant to Rule 2:5-4(a), as it "gives the reviewing court a basis for a complete and proper analysis of all the issues before it").

We briefly address Robert's remaining arguments, none of which have merit.

Robert's argument that this matter should be remanded due to the first judge's failure to support his March 29, 2017 order with a statement of reasons as mandated by Rule 1:7-4 is moot, because the second judge already conducted a remand hearing on the March 29, 2017 order on June 4, 2019, after the first judge retired.

Robert's assertion that Basem's counsel should not have been awarded attorney's fees based on a failure to submit a certification of services during oral

7

argument is also moot, as Basem's counsel twice submitted an Affidavit of Services, once to Robert's former counsel on March 16, 2016, and again to Robert's current attorney on December 6, 2018, before the remand hearing before the second judge on June 4, 2019.

Robert's claim that the Administrator breached his fiduciary duties is also unavailing. The record reflects the Administrator frequently took reasonable actions to preserve the disputed assets, attempt to resolve the parties' disagreements, and deal with Robert's repeated actions that delayed a timely resolution of the matter. Although Robert is not solely to blame for the disputes among the siblings, the record bespeaks the Administrator's many attempts to find middle ground. Indeed, the Administrator made several concessions throughout the proceedings, such as unilaterally lowering Robert's occupancy fee from the appraiser's estimate and granting reimbursement credit to Robert for the home renovations despite the latter's failure to substantiate an increase in the residence's market value despite the trial court's July 21, 2015 order mandating such substantiation.

The trial court did not abuse its discretion in granting the Administrator's application for emergent ex parte relief on December 18, 2015. The Administrator's application conformed with a previous July 21, 2015 order,

8

which afforded Robert twenty-four hours to match the offer on the residence or waive his right to purchase it. It was Robert's own delay and refusal to address the signed Contract of Sale that reasonably prompted the Administrator to make the emergent application.

Robert further argues that he should be awarded a dollar-for-dollar reimbursement of $69,000 for the improvements on the East Brunswick home. This argument is equally unavailing. Paragraphs 5 and 6 of the trial court's July 21, 2015 order placed the burden of proof on the sibling seeking reimbursement to "establish[] any claimed increase in value of the [East Brunswick residence]." Despite this, Robert failed to present evidence that the expenses he incurred actually increased the value of the house, and if so, by how much. Given the shortcomings of Robert's proofs, the Administrator was lenient in reimbursing the amount of $42,000 for Robert's expenses.

Robert's assertion the Administrator "was merely required to determine if the renovations increased the value of the property, not the specific amount of the increase in value" is frivolous. Such an unquantified principle would give home renovators, in essence, blank checks to pour money into "improvements," even if such changes represented small increases to the home's value but were astronomically expensive.

A-3204-19

Lastly, we deem Basem's request for appellate counsel fees mentioned in his brief as procedurally improper without a cross-appeal and premature. Basem can timely file a motion under <u>Rule</u> 2:11-4 upon the issuance of this opinion. We express no views as to whether such a motion, if filed, would be granted after due consideration of any opposition.

We have considered all other points raised by appellant, and they lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Dismissed in part, affirmed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION